**SPO**
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
SHIRLEY BLAZICH, ESQ.
Nevada Bar No. 008378
MICHAEL McLOUGHLIN, ESQ.
Nevada Bar No. 012820
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, NV 89149
 (702) 384-7000
efile@alversontaylor.com
Attorneys for This Answering Defendant s
RECREATIONAL EQUIPMENT, INC.,
a Washington corporation

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEANNE NESTOR, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington corporation<br><br>                    Defendant. | Case No. 2:17-cv-03103-MMD-NJK<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

WHEREAS, Plaintiff, Leanne Nestor, by and through its attorneys of record, Anthony B. Golden, Esq. and Puneet K. Garg, Esq. with the law firm of GARG GOLDEN LAW FIRM and Defendant, Recreational Equipment, Inc., by and through its attorneys of record, Shirley Blazich, Esq. and Michael T. McLoughlin, Esq. with the law firm of Alverson, Taylor, Mortensen & Sanders (collectively referred to as the "Parties") each seek production   of   records   and documents  ("documents")  pertaining to the other Parties or to other persons who are not parties to this litigation, or which are considered personal, confidential and/or proprietary;

1

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1    WHEREAS, one or more of the Parties may contend that certain documents to be

2    produced may contain privileged, confidential, proprietary, or other sensitive information, the

3    public disclosure of which could cause irreparable harm;

4    WHEREAS, the protection of the documents that are produced and which contain

5    privileged, confidential, proprietary, or sensitive information is in the public interest;

6    THEREFORE, IT IS HEREBY STIPULATED AND AGREED between the Parties, by

7    and through their respective attorneys of record, as follows:

8    1.    All Classified Information produced or exchanged during the course of this

9    litigation shall be used solely for the purpose of preparation for and the trial of this litigation

10    proceeding and for no other purpose whatsoever, and shall not be disclosed to any person except

11    in accordance with the terms hereof.

12    2.    "Classified Information," as used herein, means any information of any type, kind

13    or character which is designated a "Confidential" or "For Counsel Only" (or "Attorneys' Eyes

14    Only") by any of the supplying or receiving parties, whether it be a document, information

15    contained in a document, information revealed during a deposition, information revealed in an

16    interrogatory answer, or otherwise.  If designated as "Confidential" or "For Counsel Only" (or

17    "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in

18    good faith believes contains confidential information.  Information or material that is already

19    available to the public shall not be classified.

20    3.    "Qualified Persons," as used herein, means:

21    (a)    Attorneys of record for the parties in this litigation and employees of such

22    attorneys to whom it is necessary that the material be shown for purposes of this litigation;

23    (b)    Actual or potential independent experts or consultants, who have signed a

24    document in the form of Exhibit "A", attached hereto and incorporated by reference;

SB-25588

(c) One "in-house" corporate officer or employee of a corporate party who shall be designated in writing by the corporate party prior to any disclosure of "Confidential" information to such person and who shall sign a document in the form of Exhibit A, attached hereto (such signed document to be filed with the Clerk of this Court by the party designated such person);

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which

should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of 30 days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.      (a)      "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)      Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff and Defendant. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

(c)      Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more

SB-25588

Qualified Persons of Paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within 30 days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such

SB-25588

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1    dispute in good faith on an informal basis, such as production of redacted copies.  If the dispute

2    cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing

3    to the party who has designated the document or information as "Confidential" or "For Counsel

4    Only" (or "Attorneys' Eyes Only").  The designating party shall be required to move the Court

5    for an order preserving the designated status of such information within 14 days of receipt of the

6    written objection, and failure to do so shall constitute a termination of the restricted status of

7    such item.

8          The parties may, by stipulation, provide for exceptions to this order, and any party may

9    seek an order of this Court modifying this Protective Order.

10         10.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only")

11   information except information of the most sensitive nature, which if disclosed to persons of

12   expertise in the area would reveal significant technical or business advantages of the producing

13   or designating party.  Nothing shall be regarded as "Confidential" or "For Counsel Only" (or

14   "Attorneys' Eyes Only") information if it is information that either:

15                (a)    is in the public domain at the time of disclosure, as evidenced by a written

16   document;

17                (b)    becomes part of the public domain through no fault of the other party, as

18   evidenced by a written document;

19                (c)    the receiving party can show by written document that the information

20   was in its rightful and lawful possession at the time of disclosure; or

21                (d)    the receiving party lawfully receives such information at a later date from

22   a third party without restriction as to disclosure, provided such third party has the right to make

23   the disclosure to the receiving party.

24   / / /

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

11.

See order issued concurrently herewith.

12.

13.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14.     Within 120 days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party or destroyed by the recipient, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  To the extent the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a

SB-25588

general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

17. The terms of this Stipulated Protective Order shall survive and remain in effect after the termination of this litigation and any related litigation.

18. The Court specifically retains jurisdiction over any issues arising under this Stipulated Protective Order or otherwise pertaining to the use or disclosure of documents or things or information covered by this Stipulated Protective Order.

19. This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

20. This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

/ / /

SB-25588

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

21.     Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

22.     Nothing herein shall operate to relieve any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or nonparty to any other Party or non-party.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

SB-25588

IT IS SO STIPULATED.

Dated this 31st day of July, 2018                    Dated this 31st day of July, 2018

GARG GOLDEN LAW FIRM                          ALVERSON, TAYLOR,
                                             MORTENSEN & SANDERS

  */s/ Anthony Golden*                          */s/ Michael McLoughlin*
_____              _____
Anthony B. Golden, Esq.                      SHIRLEY BLAZICH, ESQ.
Puneet K. Garg, Esq.                         Nevada Bar No. 08378
GARG GOLDEN LAW FIRM                          MICHAEL McLOUGHLIN, ESQ.
3185 St. Rose Parkway, Suite 325             Nevada Bar No. 12820
Henderson, NV 89052                          6605 Grand Montecito Pkwy., Suite 200
                                             Las Vegas, NV 89149
*Attorneys for Plaintiff*
*Leanne Nestor*                               *Attorneys for Defendant*
                                             *Recreational Equipment, INC*

## **ORDER**

Pursuant to the stipulation of the appearing parties, and good cause appearing therefore,

IT IS SO ORDERED.

Dated  August 1, 2018                    .

_____
UNITED STATES MAGISTRATE JUDGE

SB-25588

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada on _____ _____, 2018, in the case of *Leanne Nestor v. Recreational Equipment, INC .,* Case No. 2:17-cv-03103-MMD-NJK.  I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to do so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person or entity except in strict compliance with the provisions of this Order.  Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.  At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials.  I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.  I further agree to submit to the jurisdiction of the District Court of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.


Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

Signature: _____

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

SB-25588